On October 27, 1998, pursuant to App.R. 26(B), Joseph Halliwell applied to reopen the judgment of this court inState v. Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369, unreported, which affirmed the denial of applicant's motion to vacate his plea of guilty. We deny applicant's request to reopen since App.R. 26(B), which governs applications for reopening, applies to the reopening of an appeal from the judgment only of conviction and sentence. App.R. 26(B)(1);State v. Loomer (1996), 76 Ohio St.3d 398, 667 N.E.2d 1209.
Ohio App.R. 26(B)(1) provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Applicant avers in numbered paragraph 23 of his affidavit in support of his application to reopen that "[n]o direct appeal from the guilty plea, the judgment of conviction, or the sentencing was taken."[1] Instead, applicant is attempting to reopen his appeal from an adverse ruling on a motion to vacate a guilty plea. App.R. 26(B) provides no basis for reopening such an appeal.
Accordingly, the application for reopening is denied.
TIMOTHY E. McMONAGLE, J., and JAMES D. SWEENEY, J., CONCUR.
 _______________________________ DIANE KARPINSKI PRESIDING JUDGE
[1] Applicant is directed to App.R. 5, which governs appeals by leave of court in criminal cases where no appeal from a conviction and sentence was filed.